UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:24-cv-08010-AB-AGR | Date: | December 3, 2024 |
|---|---|---|---|

| Title: | *Athena Cosmetics, Inc. v. Great American Insurance Company, et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings: [In Chambers] ORDER DENYING DEFENDANT'S MOTION TO DISMISS [DKT. NO. 8]**

Before the Court is a Motion to Dismiss ("Motion," Dkt. No. 8) filed by Defendant Great American E&S Insurance Company's ("Defendant"). Plaintiff Athena Cosmetic, Inc's ("Plaintiff" or "Athena") filed an opposition (Dkt. No. 22, "Opp."), and Defendant filed a reply (Dkt. No. 25). The Court found this matter appropriate for decision without oral argument and vacated the hearing set for November 22, 2024. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

This action involves a dispute as to whether Defendant owes a duty to defend Plaintiff in three putative class action lawsuits filed against Plaintiff in California[1], Illinois[2], and New York[3] (collectively, the "*Athena* Actions"). (Mot.

[1] *Doriann Slattery v. Athena Cosmetics, Inc.*, Case No. 2:23-cv-10078 (C.D. Cal. Nov. 30, 2023)
[2] *Corrine Markoff v. Athena Cosmetics, Inc.*, Case No. 23-cv-16401 (N.D. Ill. Nov. 30, 2023)
[3] *Rebecca Rush v. Athena Cosmetics, Inc.*, Case No. 23-cv-8799 (E.D. N.Y. Nov. 30, 2023)

1:4-21.)

**A. The *Athena Actions***

The *Athena* Actions each allege that consumers purchased RevitaLash enhancement serums from Athena, and the serums contained compounds found in prescription drugs, only approved for use under the supervision of a physician. (*Id.*) The consumers allege that the serums are known to cause adverse effects to the eyes, and Athena engaged in unfair competition, deceptive acts, or practices in violations of consumer protection statutes by failing to disclose the risk of side effects to the putative class members. (*Id.*)

Defendant alleges each action is materially similar as each "…class action arises from the false, misleading, unfair, and deceptive sale of beauty products without disclosing dangerous risks and side effects of the products' key ingredient." (Mot. 5:8-16 (citing Request for Judicial Notice, Exhibits A-C.)) Further, Defendant highlights that all *Athena* Actions expressly disclaim recovery for "damages for physical injury." (*Id.*)

However, Plaintiff argues that the *Athena* Actions do in fact plead bodily injuries. All *Athena* Actions allege the Athena products cause "serious adverse effects to the eye and the structure around the eye, including but not limited to blepharitis, Meibomian Gland Dysfunction, chronic dry eye, redness, discoloration, pain or irritation, and other serious side effects." (Dkt. Nos. 10-1, 10-2, 10-3, Request for Judicial Notice, Exhibits A-C.) In addition, Ms. Slattery—the named plaintiff in the California action—described her injuries in a June 15, 2023 letter to Great American, wherein she alleged a variety of physical and mental injuries, including: (i) swollen and red eyes, (ii) chalazion on the left upper eye, (iii) blurry vision, (iv) blepharitis in both eyes, (v) chronic dry eyes, and (vi) "[t]he sudden onset of eye problems caused her anxiety, depression, and feeling of isolation." (Opp. 10:3-16.)

**B. The Insurance Policy**

Defendant issued the Commercial General Liability Policy, Policy No. PL2258463-05 to Plaintiff effective March 1, 2023 to March 1, 2024 (the "Policy"). (Mot. 5:24-27.) The Policy covers "those sums that the Insured becomes legally obligated to pay as damages because of 'bodily injury' to which this insurance applies." (Mot. 2:1-10.) "'Bodily injury' is defined as injury, sickness, or disease sustained by a person…[and] also means mental anguish, mental injury, or

shock, if directly resulting from physical injury, sickness, or disease to that person." (*Id.*)

Plaintiff tendered the defense of all *Athena* Actions, and Defendant denied the tenders of each action. (Mot. 8:17-24.) Defendant contends there is no duty to defend or indemnify Plaintiff as "the *Athena* Actions do not allege 'bodily injury' because class plaintiffs expressly disavow any claims for physical injury." (*Id.*) Further, Defendant argues that even if the *Athena* Actions alleged bodily injury, coverage is barred under the Unfair Competition Exclusion in the Policy. (*Id.*) The Unfair Competition Exclusion excludes coverage of "[a]ny claim or "suit" that alleges 'personal and advertising injury' arising out any actual alleged, or threatened violation of any statutes, common law, or other laws or regulation concerning unfair competition, antitrust, restraint of trade, piracy, unfair trade practices, or any similar laws or regulations." (Mot. 7:7-22.)

### C. Procedural Background

On August 13, 2024, Plaintiff sued Defendant in the Ventura Superior Court for (1) breach of contract, (2) tortious breach of contract, (3) unfair competition, and (4) declaratory relief. (*See* Dkt. No 1-1, Exhibit A.) On September 19, 2024, Defendant removed this action to this Court based on diversity jurisdiction. (Dkt. No. 1.) On September 26, 2024, Defendant filed this Motion, requesting that the Court dismiss Plaintiff's complaint with prejudice for each cause of action. (Dkt. No. 8.)

## II. LEGAL STANDARD

### A. Request for Judicial Notice

In a motion to dismiss, the court generally may not consider materials other than facts alleged in the complaint and documents that are made a part of the complaint. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, a court may consider materials if (1) the authenticity of the materials is not disputed and (2) the plaintiff has alleged the existence of the materials in the complaint or the complaint "necessarily relies" on the materials. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). The court may also take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss. *Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Lee*, 250 F.3d at 689-90. Thus, a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion

for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986).

**B. Motion to Dismiss Pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must also be "plausible on its face," allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A complaint may be dismissed under Rule 12(b)(6) for the lack of a cognizable legal theory, or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (2009) (internal quotation marks omitted).

**C. Duty to Defend**

"An insurer has a very broad duty to defend its insured under California law." *Anthem Elecs., Inc. v. Pac. Emp'rs Ins. Co.,* 302 F.3d 1049, 1054 (9th Cir. 2002). According to the California Supreme Court, "the insured is entitled to a defense if the underlying complaint alleges the insured's liability for damages potentially covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy." *Montrose Chem. Corp. v. Super. Court*, 6 Cal.4th 287, 299 (1993) (emphasis in original). "Even if it is ultimately determined no coverage existed, the insurer [refusing to defend] is liable

for defense costs if there was any potential of coverage under the policy during pendency of the action." *Md. Cas. Co. v. Nat'l Am. Ins. Co.*, 48 Cal.App.4th 1822, 1828 (1996) (brackets in original).

To determine whether the insurer owes a duty to defend, courts first "compare the allegations of the complaint—and facts extrinsic to the complaint—with the policy terms to see if they reveal a possibility that the claim may be covered by the policy." *Pension Tr. Fund for Operating Eng'rs v. Fed. Ins. Co.*, 307 F.3d 944, 949 (9th Cir. 2002) (internal quotation marks omitted). "Under California law, the insurer's duty is not measured by the technical legal cause of action pleaded in the underlying third-party complaint, but rather by the *potential* for liability under the policy's coverage as revealed by the facts alleged in the complaint or otherwise known to the insurer." *Hudson Ins. Co. v. Colony Ins. Co.*, 624 F.3d 1264, 1267 (9th Cir. 2010) (internal quotation marks omitted and emphasis in original). "It only matters whether the facts alleged or otherwise known by the insurer suggest potential liability or whether they do not." *Id*. at 1269. "Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." *Id*.

The insurer bears a heavy burden to show that it does not have a duty to defend. While the "insured need only show that the underlying claim may fall within policy coverage[,] the insurer must prove it cannot." *Montrose Chem*., 6 Cal. 4th at 300. Indeed, "California courts have repeatedly found that remote facts buried within causes of action that may potentially give rise to coverage are sufficient to invoke the defense duty." *Pension Tr. Fund*, 307 F.3d at 951. "Once the insured makes a showing of potential coverage, the insurer may be relieved of its duty only when the facts alleged in the underlying suit can by no conceivable theory raise a single issue that could bring it within the policy coverage." *Id*. at 949.

## III. DISCUSSION

### A. The Court Grants Defendant's Request for Judicial Notice of the *Athena* Action Complaints.

Defendant has requested that the Court take judicial notice of the three class action complaints that comprise the *Athena* Actions. (*See* Dkt. No. 10, RJN.) "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, a court may consider "documents attached to the complaint,

documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see also*, *Rueda Vidal v. Bolton*, 822 F. App'x 643 (9th Cir. 2020) ("On a motion to dismiss, a court may take judicial notice of documents crucial to the plaintiff's claims, but not explicitly incorporated in his complaint."). A court may consider evidence referenced and relied upon in a complaint if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citation omitted).

Here, Plaintiff's Complaint relies on the *Athena* Actions and incorporates them by reference. (*See* Compl. ¶¶ 6-8.) The *Athena* Actions form the basis of Plaintiff's claims, as it alleges Defendant failed to defend Plaintiff in the *Athena* Actions. Plaintiff did not file an opposition to Defendant's RJN nor did Plaintiff dispute the authenticity of complaints. Because the complaints are incorporated by reference in Plaintiff's Complaint, the complaints are public record, and the complaints are not subject to reasonable dispute, Defendant's Request for Judicial Notice is **GRANTED**.

### B. Plaintiff Sufficiently Alleges Breach of Contract.

#### 1. The Facts of the *Athena* Actions Establish the Possibility of Defendant's Duty to Defend Plaintiff.

Defendant argues that Plaintiff's breach of contract claim fails because Plaintiff does not allege specific facts to support the essential element that a policy breach occurred. (Mot. 10:21-25.) Defendant argues that because the plaintiffs in the *Athena* Action allege no "bodily injury," the Policy's insurance agreement is not triggered. (Mot. 11:1-4.) Moreover, Defendant argues that the *Athena* Actions cannot be amended to seek damages for "bodily injury" because any amendment to include damages for bodily injury would destroy the putative class and preclude commonality required for class certification. (Mot. 11: 5-16.)

The Ninth Circuit has recognized that "California courts have held that no duty to defend attaches where…the third-party complaint did not allege the type of damages covered by the policy, and the class representatives explicitly disavowed any interest in the type of damages covered by the policy." *Sony Computer Entertainment American Inc. v. American Home Assur. Co.*, 532 F.3d 1007, 1020

(9th Cir. 2008) ("*Sony*"). In *Sony*, the Ninth Circuit held that defendant had no duty to the plaintiff in complaints of physical damage because the "consumer complaints of scratches and other damage to the discs—which could potentially establish physical damage—were never incorporated into the third-party lawsuit." *Id.* at 1020-21. As such, in *Sony*, the plaintiff would have had to allege new facts of bodily injury to support a finding of potential liability.

But here, as described above, the *Athena* Actions *already* allege the type of damages covered by the Policy (i.e. bodily injury), making this case distinguishable from *Sony*. The key distinction is that the *Athena* Actions do contain factual allegations of bodily injury of plaintiffs' eyes sufficient to support a covered claim, revealing a clear *potential* for liability. *See Hudson Ins. Co.*, 624 F.3d at 1267–68 ("[T]he *Gunderson* line of narrow 'speculation' cases...concluded that there was no potential for coverage, not because the complaint did not list a particular legal cause of action, but because the complaint did not allege any facts supporting a covered cause of action."); *Olympic Club v. Those Interested Underwriters at Lloyd's London*, 991 F.2d 497, 503 (9th Cir. 1993) ("Only amendments that would include new causes of action clearly supported by the facts already pled in the complaint may support a finding of potential liability.")

Defendant has not satisfied its heavy burden of showing that the *Athena* Actions "can by no conceivable theory raise a single issue that could bring it within policy coverage." *Pension Tr. Fund*, 307 F.3d at 949. As the Ninth Circuit emphasized in *Hudson Ins. Co.*, "…the insurer's duty is not measured by the *technical legal* cause of action pleaded in the underlying third-party complaint, but rather by the *potential* for liability…as revealed by the facts alleged in the complaint." 624 F.3d 1264, 1267 (9th Cir. 2010) (emphasis added.) Because any doubt as to whether the facts established the existence of the duty to defend must be resolved in the insured's favor, the Court finds Plaintiff has sufficiently plead this cause of action.

**2. The Unfair Competition Exclusion Does Not Bar Coverage.**

Defendant argues that, even if the *Athena* Actions sought damages because of "bodily injury," coverage is barred by the "Exclusion of Claims and Suits Alleging Infringement of Intellectual Property or Unfair Competition" section of the Policy. (Mot. at 12-17.) Specifically, the Unfair Competition Exclusion excludes coverage for "[a]ny 'bodily injury' or 'property damage' alleged in any claim or 'suit' that also alleges any…violation of any statute, common law, or other laws or regulations" concerning "unfair competition, antitrust, restraint of

trade, piracy, unfair trade practices, or any similar laws or regulations." In the *Athena* Actions, the complaints allege Plaintiff violated various "consumer protection statutes," and "engaged in unfair competition or unfair or deceptive acts or practices" in violation of the laws of each of the fifty U.S. states, and the District of Columbia and Puerto Rico. (*See* RJN.)

Plaintiff argues that the term "unfair competition" as used in the Policy is vague as it is not defined and listed in connection with "similar laws," such as antitrust, restraint of trade, piracy, and unfair trade practices. As such, Plaintiff alleges that the claims excluded from the Policy refer to unfair competition by business competitors—not consumers of the insured's product. (Opp. 19:9-27.) In support of this argument, Plaintiff relies on *James River Insurance Company v. Rawlings Sporting Goods Company*, *Inc.*, where the Court found that an insurance policy was directed at "anti-competitive business practices and not to any conduct directed at consumers." 2021 WL 346418, at *7 (C.D. Cal.).

In *Rawlings*, the insurance policy contained an "Anti-Trust Exclusion," which stated,

> This policy shall not cover any Loss in connection with any Claim alleging, arising out of, based upon or attributable to any violation of any law, whether statutory, regulatory or common, as respects any of the following: anti-trust, business competition, unfair trade practices or tortious interference in another's business or contractual relationships; provided, however, that this exclusion shall apply only to the Company.

*Id.* at *4. There, the insurance company argued that the Anti-Trust Exclusion precluded coverage of the insured in an action asserting several consumer protection claims. *Id.* at *1. In its analysis, the Court reasoned that the insurance Policy's Anti-Trust Exclusion section was directed at business competitors—not consumer claims—because the section "fail[ed] to mention anything – other than 'unfair trade practices' – that would suggest consumer protection claims." *Id.* at *7. The Court stated that it would be odd to include a consumer-protection component in an exclusion titled "Anti-Trust Exclusion" without mentioning words such as "fraud" or "misrepresentation" or "consumer protection." *Id.*

Here, Plaintiff argues that, so too here, it would be illogical to interpret an "Unfair Competition Exclusion" to cover consumer-protection claims when it is really directed at business competitors. As such, Plaintiff concludes that the term "unfair competition" is ambiguous, and any uncertainty regarding terms in the

insurance policy should be viewed in favor of the insured. However, Defendant alleges that "unfair competition" is not vague, and nothing in the Policy limits the application of the unfair competition clause to suits by only business competitors.

The question is admittedly a close call, but, ultimately, it does appear that the term "unfair competition" leans towards ambiguity and could reasonably be construed to be directed towards business competitors and to not cover the allegations of deceptive advertising. As such, in the insured-friendly state of California, "any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer." *Reserve Ins. Co*., 30 Cal.3d at 807. For these reasons, the Court finds that the Unfair-Competition Exclusion does not bar coverage of the *Athena* Actions.

**C. Plaintiff Adequately Pled Tortious Breach of Contract.**

Under California law, a plaintiff alleging a claim for tortious breach of contract, or the implied covenant of good faith and fair dealing, or "bad faith," must show that "(1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was unreasonable or without proper cause." *Stone v. Hartford Cas. Co*., 470 F. Supp. 2d 1088, 1099 (C.D. Cal. 2006) (quoting *Guevara v. Allstate Ins. Co*., 237 F.3d 987, 992 (9th Cir. 2001) (applying California law)); *see also, Love v. Fire Ins. Exchange*, 221 Cal. App. 3d 1136, 1151 (1990).

Defendant argues that this cause of action is moot because Plaintiff failed to allege Defendant breached its contract. However, Plaintiff has properly alleged Defendant breached the implied covenant of good faith and fair dealing. In its Complaint, Plaintiff alleges Defendant unreasonably and without proper cause withheld benefits due under the Policy. Specifically, Plaintiff alleged Defendant,

> (a) Wrongfully, intentionally and in bad faith refused to honor obligations to defend Athena in the Actions;
> (b) Wrongfully, intentionally and in bad faith failed and refused to pay defense costs and expenses owing for the entirety of the Actions;
> (c) Fraudulently misrepresented and falsely promised that it would defend Athena under the Policy for claims and suits seeking damages covered by the Policy when it had no intention of doing so;
> (d) Wrongfully, intentionally and in bad faith failed and refused to respond to communications from Athena in a timely fashion and engaged in improper delays;

(e) Wrongfully, intentionally and in bad faith forced Athena to incur the expense of filing the within action to recover benefits owed under the Policy;
(f) Wrongfully, intentionally and in bad faith damaged Athena's business by failing and refusing to pay fees and costs incurred in the Actions and forcing Athena to pay substantial sums for those fees and costs; and
(g) Wrongfully, intentionally and in bad faith placed its own interests above those of Athena.

(Compl. ¶¶ 15-19.) As such, these claims sufficient to state a cause of action.

Defendant continues to argue that it did not breach the contract under the "genuine dispute doctrine," which negates any tortious conduct. This argument is improper at this stage. The question of "reasonableness" and "bad faith" is a question of fact and cannot be decided at the pleading stage. *Nordby Constr. Inc. v. Am. Safety Indem. Co.*, 2015 WL 1263389, at *9 (N.D. Cal. Mar. 19, 2015). "To the extent [an insurer] contends that it acted reasonably under the 'genuine dispute doctrine,'" this defense "is a factual issue that cannot be adjudicated at the pleading stage." *Id.* As such, Plaintiff adequately pled tortious breach of contract.

**D. Plaintiff Adequately Pled Unfair Competition.**

Defendant requests the Court to dismiss Plaintiff's Unfair Competition Cause of Action under Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"). Plaintiff alleges Defendant violated the UCL because, "[Defendant's] bad faith refusal to comply with its duty to defend the Actions was unlawful and constituted a tortious breach of the subject Policy" and its "misrepresentations to [Plaintiff] regarding [Plaintiff's] rights under the Policy and applicable law violation, *inter alia*, the implied covenant of good faith and fair dealing in the subject Policy." (Compl. ¶ 21.)

The UCL prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]" and allows suits "by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." *Id.* § 17204. The California Supreme Court has determined that "bad faith insurance practices may qualify as any of the three statutory forms of unfair competition." *Zhang v. Sup. Ct.*, 57 Cal.4th 364, 380 (2013) (noting that bad faith insurance practices "are unlawful; the insurer's obligation to act fairly and in good faith to meet its contractual responsibilities is imposed by the common law, as well as by statute….

They are unfair to the insured; unfairness lies at the heart of a bad faith cause of action….They may also qualify as fraudulent business practices.")

Because the Court has already found that Plaintiff adequately pled tortious breach of contract, the Court concludes that Plaintiff has also adequately pled a violation of the UCL.

**E. Plaintiff Adequately Pled It is Entitled to Declaratory Relief.**

Defendant argues that because the Complaint failed to state a claim for breach of contract, tortious breach of contract, or unfair competition, Plaintiff is not entitlted to declaratory relief. However, because Plaintiff has adequately pled these causes of action, this argument fails. As such, Plaintiff adequately pled it is entitlted to declaratory relief.

**F. Plaintiff Adequately Pled It is Entitled to Punitive Damages**

Under California law, punitive damages are appropriate where a plaintiff establishes by clear and convincing evidence that the defendant is guilty of (1) fraud, (2) oppression, or (3) malice. Cal. Civ. Code § 3294(a) ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.").

Under Rule 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "The long-standing rule in the Ninth Circuit is that Rule 9(b) does not require 'any particularity in connection with an averment of intent, knowledge or condition of mind.' " *Anaya v. Machines de Triage et Broyage*, No. CV 18–01731 DMR, 2019 U.S. Dist. LEXIS 14316, at *11 (N.D. Cal. Jan. 29, 2019) (citation omitted.) "Based largely on this principle, a number of courts have held that 'in federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent.' " *Id.* (citation omitted) (collecting cases); *see also Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1164 (C.D. Cal. 2010) ("With respect to the malice necessary to support a claim for punitive damages, conclusory pleading is sufficient.").

Here, Plaintiff has complied with Federal Rules 8 and 9 because it clearly requested punitive damages and made allegations that Defendant acted "(a) with a

willful and conscious disregard of Athena's rights; (b) with the intent to injure Athena; and (c) in order to subject Athena to cruel and unjust hardships in disregard of its rights such as to constitute oppression, fraud and malice…" (Compl. ¶ 19.). Whether Defendant's conduct does in fact rise to a level that justifies punitive damages is an issue that must remain unresolved at this stage of the litigation. As such, at this stage in the proceedings, Plaintiff's punitive damages allegations are sufficient to survive a motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED**.