BARNES & THORNBURG LLP
David P. Schack (SBN 106288)
david.schack@btlaw.com
Matthew B. O'Hanlon (SBN 253648)
matthew.o'hanlon@btlaw.com
Alice M. Kyureghian (SBN 300972)
akyureghian@btlaw.com
2029 Century Park East, Suite 300
Los Angeles, CA 90067-3012
Telephone: 310-284-3880
Facsimile: 310-284-3894

Attorneys for Plaintiff Athena Cosmetics, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

ATHENA COSMETICS, INC., a corporation;

Plaintiff,

v.

GREAT AMERICAN INSURANCE COMPANY, a corporation; and DOES 1 through 15, inclusive,

Defendants.

Case No. 2:24-cv-08010-AH-AGR

**PLAINTIFF'S (1) RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS AND (2) STATEMENT OF ADDITIONAL MATERIAL FACTS**

Date: November 19, 2025
Time: 1:30 p.m.
Courtroom: 9C

Plaintiff Athena Cosmetics, Inc. ("Athena") submits the following response to Defendant Great American E&S Insurance Company's ("Great American") purported statement of undisputed material facts in support of Great American's motion for summary judgment ("MSJ").

As set forth below, the Court should deny the MSJ because (1) triable issues of material fact preclude summary judgment, (2) certain of Great American's purportedly undisputed material facts misstate the evidence, and (3) additional material facts exist which preclude summary judgment.

**Joint Appendix of Facts and Genuine Disputes**

**I. Defendant's Statement of Undisputed Material Facts**

| **Moving Party's Uncontroverted Facts and Supporting Evidence** | **Opposing Party's Response to Cited Facts and Supporting Evidence** |
|---|---|
| 1. The *Athena* Actions ("*Athena* Actions" herein refers to *Slattery v. Athena Cosmetics, Inc.,* filed in United States District Court for the Central District of California, Case No. 2:23-cv-10078 ("*Slattery* Action"); *Rush v. Athena Cosmetics, Inc.*, filed in United States District Court for the Eastern District of New York, Case No. 23-cv-8799, this case was dismissed and refiled in the United States District Court for the Central District of California on October 4, 2024, Case No.: 24-cv-8542 ("*Rush* Action"); and *Markoff v. Athena Cosmetics, Inc.*, filed in United States District Court for the Northern District of Illinois, Case No. 23-cv-16401 ("*Markoff* Action")) repeatedly disclaim seeking relief for any physical injuries that may have been caused by the Enhancement Serums. *See* Dkt. No. 10, Request for Incorporation by Reference and Judicial Notice filed concurrently with | 1. <u>Disputed</u> and immaterial.<br><br>As confirmed by the Honorable Andre Birotte Jr., the *Athena* Actions all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Athena* Actions all allege claims of bodily injury, including but not limited to claims that the Athena products caused (1) swollen and red eyes, (2) eye disease, (3) blurry vision, (4) chronic dry eyes, and (5) anxiety, depression and the feeling of isolation, as reflected in each of the |

| | |
|---|---|
| Great American's Motion to Dismiss ("MTD RJN") Ex. A ¶¶ 76, 89, 103, 117, 131, 140, 147, Ex. B ¶¶ 76, 89, 103, 117, 131, 140, 147, Ex. C ¶¶ 76, 89, 103, 117, 131, 140, 147). | underlying complaints and Ms. Slattery's demand letter.<br><br>Furthermore, each named class member testified to these bodily injury claims at their respective depositions in the underlying action, as did Ms. Slattery's doctor during his deposition.<br><br>To date, expert disclosures in the *Athena* Actions have not yet occurred nor have the plaintiffs disclosed their damages model. Accordingly, it remains unclear the full scope of damages the underlying plaintiffs seek and their calculation of the same.<br><br>Evidence: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, Request for Incorporation by Reference and Judicial Notice filed concurrently with Great American's Motion to Dismiss ("MTD RJN") Ex. A ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141, Ex. B ¶¶ 4, 6, 17, 47a-b, 47e, 141, Ex. C ¶¶ 4, 6, 17, 47a-b, 47e, 141; Declaration of Matthew B. O'Hanlon ("O'Hanlon Decl.") Ex. 13; Declaration of Sascha Henry ("Henry Decl.") Ex. 9-12, ¶ 6. |
| 2. The Plaintiff in the *Slattery* Action, Doriann Slattery, resides in Florida and allegedly purchased one of a series of products manufactured by Athena (the "Enhancement Serums") without knowing that using the products as directed by the manufacturer could cause serious side effects. Dkt. No. 10, MTD RJN Ex. A ¶ 14. | 2. Undisputed but immaterial. |
| 3. Slattery filed a putative class action complaint on November 30, 2023, against Athena, for "economic | 3. Disputed and immaterial. |

| | |
|---|---|
| damages and injunctive relief (not for physical injuries)" on behalf of herself and "all others similarly situated." Dkt. No. 10, MTD RJN, Ex. A ¶ 14. | As confirmed by the Honorable Andre Birotte Jr., the *Athena* Actions, including the *Slattery* Action, all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Slattery* Action alleges claims of bodily injury, including but not limited to claims that the Athena products caused (1) swollen and red eyes, (2) eye disease, (3) blurry vision, (4) chronic dry eyes, and (5) anxiety, depression and the feeling of isolation, as reflected in in both the underlying complaint and Ms. Slattery's pre-suit demand letter.<br><br>Indeed, both Ms. Slattery and her treating physician, Austin Coleman, testified to these bodily injury claims at their respective depositions.<br><br>Finally, to date, expert disclosures in the *Slattery* Action have not yet occurred nor has Ms. Slattery disclosed her damages model, so it remains unclear the full scope of damages the Ms. Slattery seeks and her calculation of the same.<br><br><u>*Evidence*</u>: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, MTD RJN Ex. A ¶¶ 4, 6, 17, |

| | |
|---|---|
| | 47a-b, 47e, 140, 141; O'Hanlon Decl., Ex. 13; Henry Decl., Ex. 11, ¶ 6. |
| 4. The *Slattery* Action complaint contains seven causes of action: 1. Violation of State Consumer Protection Statutes; 2. Fraud (Affirmative Misrepresentation and Omission); 3. Negligent Misrepresentation and Omission; 4. Breach of Express Warranty; 5. Breach of Implied Warranty; 6. Negligence; and 7. Unjust Enrichment. Dkt. No. 10, MTD RJN Ex. A ¶¶ 67-148. | 4. Disputed and immaterial.<br><br>As confirmed by the Honorable Andre Birotte Jr., the *Athena* Actions, including the *Slattery* Action, all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Slattery* Action alleges claims of bodily injury, including but not limited to claims that the Athena products caused (1) swollen and red eyes, (2) eye disease, (3) blurry vision, (4) chronic dry eyes, and (5) anxiety, depression and the feeling of isolation, as reflected in in both the underlying complaint and Ms. Slattery's pre-suit demand letter.<br><br>Indeed, both Ms. Slattery and her treating physician, Austin Coleman, testified to these bodily injury claims at their respective depositions.<br><br>Finally, to date, expert disclosures in the *Slattery* Action have not yet occurred nor has Ms. Slattery disclosed her damages model. Accordingly, it remains unclear the full scope of damages Ms. Slattery seeks and her calculation of the same. |

| | |
|---|---|
| | *Evidence*: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, Request for Incorporation by Reference and Judicial Notice filed concurrently with Great American's Motion to Dismiss ("MTD RJN") Ex. A ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141; O'Hanlon Decl., Ex. 13; Henry Decl., Ex. 11, ¶ 6. |
| 5. The Plaintiff in the *Rush* Action, Rebecca Rush, resides in New York and is alleged to have purchased two of the Enhancement Serums manufactured by Athena. Dkt. No. 10, MTD RJN Ex. B ¶ 15. | 5. Undisputed but immaterial. |
| 6. Rush filed a putative class action complaint on November 30, 2023, against Athena on behalf of herself and a National Class and New York subclass who "paid any money for Enhancement Serums for personal, family, or household purposes." Dkt. No. 10, MTD RJN Ex. B ¶ 57. | 6. Disputed and immaterial.<br><br>As confirmed by the Honorable Andre Birotte Jr., the *Athena* Actions, including the *Rush* Action, all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Rush* Action alleges claims of bodily injury, including but not limited to claims that the Athena products caused "pain and eye inflammation."<br><br>Indeed, Ms. Rush testified to these bodily injury claims at her deposition. |

| | |
|---|---|
| | Finally, to date, expert disclosures in the *Rush* Action have not yet occurred nor has Ms. Rush disclosed her damages model. it remains unclear the full scope of damages Ms. Rush seeks and her calculation of the same.<br><br>Evidence: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, MTD RJN Ex. B ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141; Henry Decl., Ex. 10, , ¶ 6. |
| 7. The *Rush* Action complaint contains seven causes of action: 1. Violation of Consumer Protection Acts; 2. Fraud (Affirmative Misrepresentation and Omission); 3. Negligent Misrepresentation (Affirmative Misstatement and Omission); 4. Breach of Express Warranty; 5. Breach of Implied Warranty; 6. Negligence; and 7. Unjust Enrichment. Dkt. No. 10, MTD RJN Ex. B ¶¶ 67-148. | 7. Disputed and immaterial.<br><br>As confirmed by the Honorable Andre Birotte Jr., the *Athena* Actions, including the *Rush* Action, all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Rush* Action alleges claims of bodily injury, including but not limited to claims that the Athena products caused "pain and eye inflammation."<br><br>Indeed, Ms. Rush testified to these bodily injury claims at her deposition.<br><br>Finally, to date, expert disclosures in the *Rush* Action have not yet occurred nor has Ms. Rush disclosed her damages model. |

| | |
|---|---|
| | Accordingly, it remains unclear the full scope of damages Ms. Rush seeks and her calculation of the same.<br><br>_Evidence_: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, MTD RJN Ex. B ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141; Henry Decl., Ex. 10, ¶ 6. |
| 8. The Plaintiff in the *Markoff* Action, Corrine Markoff, resides in Illinois and is alleged to have purchased Enhancement Serums manufactured by Athena "without knowing that using the products as directed by the manufacturer can cause serious side effects." Dkt. No.10, MTD RJN Ex. C ¶ 13. | 8. Undisputed but immaterial. |
| 9. Markoff filed a putative class action complaint on November 30, 2023, against Athena, on behalf of herself and "all others similarly situated" "for economic damages and injunctive relief (not for physical injuries) on behalf of all persons who paid for Athena's dangerous Products." Dkt. No. 10, MTD RJN Ex. C ¶ 14. | 9. <u>Disputed</u> and immaterial.<br><br>As confirmed by the Honorable Andre Birotte Jr., the *Athena* Actions, including the *Markoff* Action, all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Markoff* Action alleges claims of bodily injury, including but not limited to claims that the Athena products caused "pain and eye inflammation." |

| | |
|---|---|
| | Indeed, Ms. Markoff testified to these bodily injury claims at her deposition.<br><br>Finally, to date, expert disclosures in the *Markoff* Action have not yet occurred nor has Ms. Markoff disclosed her damages model. Accordingly, it remains unclear the full scope of damages Ms. Markoff seeks and her calculation of the same.<br><br><u>Evidence</u>: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, MTD RJN Ex. C ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141; Henry Decl., Ex. 9, ¶ 6. |
| 10. The *Markoff* Action complaint contains seven causes of action: 1. Violation of State Consumer Protection Statutes; 2. Fraud (Affirmative Misrepresentation and Omission); 3. Negligent Misrepresentation and Omission; 4. Breach of Express Warranty; 5. Breach of Implied Warranty; 6. Negligence; and 7. Unjust Enrichment. Dkt. No. 10, MTD RJN Ex. C ¶¶ 67-148. | 10. <u>Disputed</u> and immaterial.<br><br>As confirmed by the Honorable Andre Birotte Jr., the *Athena* Actions, including the *Markoff* Action, all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Markoff* Action alleges claims of bodily injury, including but not limited to claims that the Athena products caused "pain and eye inflammation."<br><br>Indeed, Ms. Markoff testified to these bodily injury claims at her deposition. |

| | |
|---|---|
| | Finally, to date, expert disclosures in the *Markoff* Action have not yet occurred nor has Ms. Markoff disclosed her damages model. Accordingly, it remains unclear the full scope of damages Ms. Markoff seeks and her calculation of the same.<br><br>Evidence: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, MTD RJN Ex. C ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141; Henry Decl., Ex. 9, ¶ 6. |
| 11. Each of the *Athena* Actions allege the "…class action arises from the false, misleading, unfair, and deceptive sale of beauty products without disclosing dangerous risks and side effects of the products' key ingredient." Dkt. No. 10, MTD RJN Exs. A-C. | 11. Undisputed but immaterial. |
| 12. Each of the *Athena* Actions allege that Athena manufactures and sells beauty products, including Enhancement Serums, and that Athena did not disclose the risk of any side effects of the Enhancement Serums when selling the serums to its customers. Dkt. No. 10, MTD RJN Exs. A-C. | 12. Undisputed but immaterial. |
| 13. The *Athena* Actions allege that Athena violated "[state] consumer protection statutes" when it "engaged in unfair competition or unfair or deceptive acts or practices…" in violation of various state law codes and statutes relating to consumer protection. Dkt. No. 10, MTD RJN Ex. A ¶ 68, Ex. B ¶ 68, Ex. C ¶ 68. | 13. Undisputed but immaterial. |
| 14. Athena is alleged to have "engaged in unlawful conduct by deliberately and knowingly engaging in misleading, | 14. Undisputed but immaterial. |

| | |
|---|---|
| deceptive, and false statements regarding the Enhancement Serums in the course of [Athena's] business" and "Athena made these misrepresentations, or omitted material information, in its marketing (including its website and the websites of its authorized resellers) for the Enhancement Serums, and the Products' packaging, labeling, and instructions." Dkt. No. 10, MTD RJN Ex. A ¶ 73, Ex. B ¶ 73, Ex. C ¶ 73. | |
| 15. In identifying the harm suffered by the class, the *Athena* Actions allege that "[r]easonable consumers would consider the affirmatively misrepresented and omitted facts [by Athena] to be important in determining whether or not to purchase the Enhancement Serums at all, or alternatively at the prices at which the Products were purchased." Dkt. No. 10, MTD RJN Ex. A ¶ 51, Ex. B ¶ 51, Ex. C ¶ 51. | 15. <u>Disputed</u>.<br><br>Great American's characterization of the alleged "harm" is incomplete and, as a result, misleading.<br><br>The *Athena* Actions all allege harm of bodily injury caused by the use of Athena's products, including but not limited to claims that the Athena products caused (1) swollen and red eyes, (2) eye disease, (3) blurry vision, (4) chronic dry eyes, and (5) anxiety, depression and the feeling of isolation, as reflected in each of the underlying complaints and Ms. Slattery's demand letter.<br><br>Indeed, each named class member testified to this harm at her respective deposition in the underlying action, as did Ms. Slattery's doctor Dr. Austin Coleman.<br><br><u>*Evidence*</u>: *See* Dkt. No. 10, MTD RJN Ex. A ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141, Ex. B ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141, Ex. C ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141; O'Hanlon Decl., Ex. 13; Henry Decl., Ex. 9-12. |

| | |
|---|---|
| 16. The injury allegedly suffered in the *Athena* Actions was the "loss of money or property through the out-of-pocket costs expended to purchase the Enhancement Serums." Dkt. No. 10, MTD RJN Ex. A ¶ 54, Ex. B ¶ 54, Ex. C ¶ 54. | 16. <u>Disputed</u>.<br><br>Great American's characterization of the alleged "injury" is incomplete and, as a result, misleading.<br><br>As Judge Birotte found, the *Athena* Actions all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Athena* Actions all alleged bodily injury, including but not limited to claims that the Athena products caused (1) swollen and red eyes, (2) eye disease, (3) blurry vision, (4) chronic dry eyes, and (5) anxiety, depression and the feeling of isolation, as reflected in each of the underlying complaints and Ms. Slattery's demand letter.<br><br>Indeed, each named class member testified to these bodily injuries at their respective depositions in the underlying action, as did Ms. Slattery's doctor Dr. Austin Coleman.<br><br>*<u>Evidence</u>*: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, MTD RJN Ex. A ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141, Ex. B ¶¶ 4, 6, 17, 47a-b, 47e, 141, Ex. C ¶¶ 4, 6, 17, 47a-b, |

| | |
|---|---|
| | 47e, 141; O'Hanlon Decl. Ex. 13; Henry Decl. Ex. 9-13. |
| Specifically, the harm claimed in the *Athena* Actions is that Plaintiff and the other putative class members "would not have purchased" the Enhancement Serums, or not have purchased them on the same terms (e.g., purchased them for substantially less), had they known the truth of what the products contained. Dkt. No. 10, MTD RJN Ex. A ¶¶ 16, 75, 82, 92, 114, 128, Ex. B ¶¶ 16, 75, 82, 95, 114, 128, Ex. C ¶¶ 16, 75, 82, 95, 114, 128. | Great American's characterization of the alleged "harm" is incomplete and, as a result, misleading.<br><br>The *Athena* Actions all allege harm of bodily injury caused by the use of Athena's products, including but not limited to claims that the Athena products caused (1) swollen and red eyes, (2) eye disease, (3) blurry vision, (4) chronic dry eyes, and (5) anxiety, depression and the feeling of isolation, as reflected in each of the underlying complaints and Ms. Slattery's demand letter.<br><br>Indeed, each named class member testified to this harm at their respective depositions in the underlying action, as did Ms. Slattery's doctor Dr. Austin Coleman.<br><br><u>Evidence</u>: *See* Dkt. No. 10, MTD RJN Ex. A ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141, Ex. B ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141, Ex. C ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141; O'Hanlon Decl., Ex. 13; Henry Decl., Ex. 9-12. |
| 18. Although the *Athena* Actions allege that the Enhancement Serums carried the risk of physical harms to plaintiffs and the class, they expressly disavow seeking to recover damages for such physical injuries. Dkt. No. 10, MTD RJN Ex. A ¶¶ 76, 89, 103, 117, 131, 140, 147, Ex. B ¶¶ 76, 89, 103, 117, 131, 140, 147, Ex. C ¶¶ 76, 89, 103, 117, 131, 140, 147. | 18. <u>Disputed</u> and immaterial.<br><br>As confirmed by the Honorable Andre Birotte Jr., the *Athena* Actions all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as |

| | |
|---|---|
| | revealed by the facts alleged in the complaint."<br><br>The *Athena* Actions all allege claims of bodily injury, including but not limited to claims that the Athena products caused (1) swollen and red eyes, (2) eye disease, (3) blurry vision, (4) chronic dry eyes, and (5) anxiety, depression and the feeling of isolation, as reflected in each of the underlying complaints and Ms. Slattery's demand letter.<br><br>Indeed, each named class member testified to these bodily injury claims at their respective depositions in the underlying action, as did Ms. Slattery's doctor Dr. Austin Coleman.<br><br>To date, expert disclosures in the *Athena* Actions have not yet occurred nor have the plaintiffs disclosed their damages model. Accordingly, it remains unclear the full scope of damages the underlying plaintiffs seek and their calculation of the same.<br><br><u>*Evidence*</u>: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, MTD RJN Ex. A ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141, Ex. B ¶¶ 4, 6, 17, 47a-b, 47e, 141, Ex. C ¶¶ 4, 6, 17, 47a-b, 47e, 141; O'Hanlon Decl. Ex. 13; Henry Decl. Ex. 9-12, ¶ 6. |
| 19. Each of the *Athena* Actions seeks an order awarding appropriate preliminary and/or final injunctive relief against Athena's conduct; payment to the respective Plaintiffs and class members of all damages, exemplary or punitive, and/or | 19. Undisputed but immaterial. |

| | |
|---|---|
| restitution associated with the conduct for all causes of action proven at trial "including but not limited to the full amounts paid or reimbursed for Enhancement Serums and Defendant's ill-gotten gains," attorneys' fees and expert witness fees and costs, statutory penalties as provided by law, and interest as provided by law. Dkt. No. 10, MTD RJN Ex. A pages 34-35, Ex. B page 39, Ex. C pages 38-39. | |
| 20. On September 4, 2025 Athena produced to Great American in response to Great American's Requests for Production, FRCP Rule 26(a)(1)(A) Initial Disclosures served on March 26, 2024, by plaintiff Rush in the *Rush* Action. *See* Request for Judicial Notice in Support of Great American E&S Insurance Company's Motion for Summary Judgment ("MSJ RJN"), Ex. 5, page 3, ¶ III. In the Initial Disclosures, Rush identified the claimed category of damages in the putative class action as economic loss as a result of paying for the Enhancement Serums:<br>Any damages in this action will be based largely on Defendant's own records, which it have [*sic*] yet to produce, and potentially expert analysis of same. Expert disclosures are not yet due. As set forth in the operative complaint, Plaintiff currently seeks, individually and on a class-wide basis, available categories of monetary and equitable relief relating to, *inter alia*, the amounts paid for the Serums or, alternatively, the difference in the amounts paid for the Serums and the amounts that would have been paid had | 20. Objection.<br><br>*See* Plaintiff's Objection to Great American's Request for Judicial Notice in support of its Motion for Summary Judgment ("Opp. MSJ RJN").<br><br>*See also* Plaintiff's Objection to the Declaration of Amy L. Metzgar.<br><br>In addition, expert disclosures in the *Athena* Actions have not yet occurred nor have the plaintiffs disclosed their damages model. Accordingly, it remains unclear the full scope of damages the underlying plaintiffs seek and their calculation of the same.<br><br><u>*Evidence*</u>: *See* Henry Decl. ¶ 6. |

| | |
|---|---|
| Defendant's [*sic*] fully disclosed all health risks and side effects; disgorgement of ill-gotten gains; marketing, disclosure, and related business practice changes; equitable exemplary or punitive damages as allowed by law; and attorneys' fees, costs, and interest allowed by law. MSJ RJN Ex. 5, page 3 ¶ III. | |
| 21. On September 18, 2025 Athena produced to Great American in response to Great American's Requests for Production, FRCP Rule 26(a)(1)(A) Initial Disclosures served on April 4, 2024, by plaintiff Corrine Markoff in the *Markoff* Action. MSJ RJN Ex. 6, page 3 ¶ III. In the Initial Disclosures, Markoff identified the claimed category of damages in the putative class action as economic loss as a result of paying for the Serums:<br>As set forth in the operative complaint, Plaintiff currently seeks, individually and on a class-wide basis, available categories of monetary damages, restitution, and/or equitable relief relating to, *inter alia*, the amounts paid for the subject products or, alternatively, the difference in the amounts paid for the Serums and the amounts that would have been paid had Defendant fully disclosed all risks and health effects; disgorgement of ill-gotten gains; marketing, disclosure, and related business practice changes; equitable exemplary or punitive damages as allowed by law; and attorneys' fees, costs, and interest allowed by law. MSJ RJN Ex. 6, page 3 ¶ III. | 21. Objection.<br><br>*See* Plaintiff's Objection to Great American's Request for Judicial Notice in support of its Motion for Summary Judgment ("Opp. MSJ RJN").<br><br>*See also* Plaintiff's Objection to the Declaration of Amy L. Metzgar.<br><br>In addition, expert disclosures in the *Athena* Actions have not yet occurred nor have the plaintiffs disclosed their damages model. Accordingly, it remains unclear the full scope of damages the underlying plaintiffs seek and their calculation of the same.<br><br><u>*Evidence*</u>: *See* Henry Decl. ¶ 6. |

| | |
|---|---|
| 22. On September 17, 2025 counsel for Athena informed Great American, in response to Great American's requests for production, that Slattery did not produce Initial Disclosures in the S*lattery* Action. See Declaration of Amy L. Metzgar in Support of Great American's Request for Judicial Notice, filed concurrently with Great American's Motion for Summary Judgment, ¶ 7, Ex. 8. | 22. Undisputed but immaterial.<br><br>*See* Plaintiff's Objection to the Declaration of Amy L. Metzgar. |
| 23. Great American issued the Commercial General Liability Policy identified in the Complaint, to Athena in Ventura County, California, Policy No.: PL2258463-05, effective March 1, 2023 to March 1, 2024 (the "Policy"). *See* Declaration of Jean Staffo in Support of Great American's Motion for Summary Judgment ("Staffo Decl.") , ¶ 4, Ex. 1. | 23. Undisputed. |
| 24. The Policy states, in relevant part:<br>**SECTION I – COVERAGES**<br><br>**Coverage A – Bodily Injury and Property Damage Liability**<br><br>**Insuring Agreement**<br><br>a. We will pay those sums that the Insured becomes legally obligated to pay as **damages** because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the Insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" | 24. <u>Disputed</u> on the basis that Great American has added emphasizes (bolds) certain terms that do not appear in bold in the Policy. |

| | |
|---|---|
| seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result…<br>* * *<br>**SECTION V – DEFINITIONS**<br>* * *<br>**3.** "**Bodily injury**"[1] means injury, sickness, or disease sustained by a person, including death of a person. "Bodily injury" also means mental anguish, mental injury, or shock, if directly resulting from physical injury, sickness, or disease to that person.<br>* * *<br><br>*See* Staffo Decl. ¶ 4, Ex. 1. | |
| 25. The Policy also includes the Unfair Competition Exclusion in a stand-alone endorsement that is clearly labeled and which states, in relevant part:<br>**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**<br><br>**EXCLUSION OF CLAIMS AND SUITS ALLEGING INFRINGEMENT OF INTELLECTUAL PROPERTY OR UNFAIR COMPETITION**<br><br>This endorsement modifies insurance provided under the following:<br><br>**COMMERCIAL GENERAL LIABILITY COVERAGE FORM** | 25. Disputed.<br><br>Athena disputes Great American's assertion that the endorsement is "clearly labeled." In reality, Great American's endorsement is anything but clear.<br><br>While Great American appears to rely on Section C of the Endorsement, that Section merely refers the insured to "statutes, common law or other laws or regulations described" in Section B. Yet, Section B pertains to coverage for "personal and advertising injury," and even then, it contains no descriptions of statutes, common law or other laws or regulations involving unfair competition. Accordingly, Athena disputes that the endorsement is "clearly labeled." |

[1] As amended by Specialty Plus Endorsement, on form ESG 3206 (Ed. 01/16).

| | |
|---|---|
| * * *<br>**B.** The following exclusion is added to **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I – COVERAGES, Coverage B – Personal and Advertising Injury Liability, 2. Exclusions:**<br><br>**Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws**<br>* * *<br>2. Any "personal and advertising injury" alleged in a claim or "suit" that also alleges any actual, alleged, or threatened violation of any statutes, common law, or other laws or regulations concerning unfair competition, antitrust, restraint of trade, piracy, unfair trade practices, or any similar laws or regulations.<br><br>This exclusion applies to our duty to defend and our duty to pay damages whether such misappropriation, infringement or violation is committed in your "advertisement" or otherwise.<br>* * *<br>**C.** The following exclusion is added to **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I – COVERAGES, Coverage A – Bodily Injury and Property Damage Liability, 2. Exclusions:**<br><br>**Claim or Suit Alleging Infringement of Intellectual Property or Violation of Laws Concerning Unfair Competition or Similar Laws** | *Evidence*: Staffo Decl. ¶ 4, Ex. 1. |

| | |
|---|---|
| Any "bodily injury" or "property damage" alleged in any claim or "suit" that also alleges any:<br>* * *<br>2. Violation of any statute, common law, or other laws or regulations described in **COMMERCIAL GENERAL LIABILITY COVERAGE FORM, SECTION I – COVERAGES, Coverage B – Personal and Advertising Injury, 2. Exclusions, Claim or Suit Alleging Violation of Laws Concerning Unfair Competition or Similar Laws.**<br><br>*See* Staffo Decl. ¶ 4, Ex. 1. | |
| 26. Athena tendered the defense of the *Athena* Actions to Great American. *See* Dkt. No. 1-1, Athena's Complaint, Ex. A ¶¶ 6-8. | 26. Undisputed. |
| 27. Great American initially denied the tenders of each of the *Athena* Actions on the grounds that it owed no duty to defend or indemnify Athena because the *Athena* Actions did not seek potentially covered damages because of "bodily injury." Moreover, even if the *Athena* Actions could be construed to seek damages because of "bodily injury," coverage is barred by the Unfair Competition Exclusion in the Policy. [Dkt. 1-1, Athena's Complaint, Exhibit A ¶¶ 10, 16, 21, 25, 26]. | 27. Undisputed. |
| 28. Great American later agreed to defend Athena in the *Athena* Actions subject to a complete reservation of rights. *See* Staffo Decl. ¶¶ 5-7, Ex. 2, Ex. 3, Ex. 4. | 28. Undisputed. |
| 29. Athena filed its complaint against Great American on August 13, 2024 in | 29. Undisputed. |

| | |
|---|---|
| the Ventura County Superior Court. Dkt. No. 1-1, Athena's Complaint, Ex. A. | |
| 30. On September 19, 2024, Great American removed the action to this Court based on diversity jurisdiction. Dkt. No. 1, Notice of Removal. | 30. Undisputed. |
| 31. On September 26, 2024, Great American filed a Motion to Dismiss under FRCP Rule 12(b)(6), requesting that the Court dismiss Athena's Complaint with prejudice for each claim. Dkt. No. 8, Motion to Dismiss. | 31. Undisputed. |
| 32. Athena filed its Memorandum in Opposition to the Motion on October 24, 2024. Dkt. No. 22, Opposition to Motion to Dismiss. | 32. Undisputed. |
| 33. Great American filed its Reply on November 8, 2024. Dkt. No. 25, Reply to Opposition to Motion to Dismiss. | 33. Undisputed. |
| 34. On December 3, 2024, Judge Andre Birotte, Jr. entered an Order denying Great American's Motion to Dismiss. Dkt. No. 31, Order, 2024 WL 5662031. | 34. Undisputed. |
| 35. Judge Birotte concluded that the *Athena* Actions contained "factual allegations of bodily injury of plaintiffs' eyes sufficient to support a covered claim, revealing a clear *potential* for liability." Dkt. 31, Order, page 7 (emphasis in original). | 35. Undisputed. |
| 36. He did not address whether the *Athena* Actions sought damages *because of* "bodily injury." Judge Birotte also declined to apply the Unfair Competition Exclusion in the Policy. Dkt. No. 31, Order. | 36. <u>Disputed</u>.<br><br>Judge Birotte expressly considered and rejected Great American's contention that the *Athena* Actions alleged only economic damages rather than damages "because of bodily injury." In doing so, Judge Birotte recognized that the duty to defend is triggered where factual allegations give rise to a potential for |

| | |
|---|---|
| | liability under the Policy or where "the complaint might be amended to give rise to a liability that would be covered under the policy." Judge Birotte distinguished the *Athena* Actions from the *Gunderson* line of "speculation" cases (where courts have found no potential for coverage) by finding that "[t]he key distinction is that the *Athena* Actions do contain factual allegations of bodily injury of plaintiffs' eyes sufficient to support a covered claim, revealing a clear potential for liability."<br><br>*Evidence*: Dkt. No. 31, Order Denying Defendant's Motion to Dismiss |
| 37. After the court denied Great American's Motion to Dismiss, Great American promptly agreed to defend Athena in the *Athena* Actions, subject to a complete reservation of rights, (*see* Staffo Decl. ¶¶ 5-7, Ex. 2, Ex. 3, Ex. 4) and has paid to date over $600,000 in Athena's defense. | 37. Disputed.<br><br>Despite purporting to assume its duty to defend after Judge Birotte denied Great American's motion to dismiss, Great American failed to reimburse all the defense fees and costs incurred from the date of tender to the date Great American belatedly agreed to defend and instead sought to reduce its payment obligation based upon alleged lack of "reasonableness" of defense counsel's hourly rate. Great American also delayed in the payment of defense fees and costs submitted. Finally, Great American has not paid over $600,000 in Athena's defense to date.<br><br>*Evidence*: O'Hanlon Decl. ¶ 4. |
| 38. While the *Athena* Actions state that the named plaintiffs use of the products caused pain and eye irritation (Dkt. No. 10, MTD RJN, Ex. A ¶ 17, Ex. B. ¶ 17, Ex. C ¶ 17), none of the *Athena* Actions actually seek damages because of the alleged pain or irritation. Dkt. | 38. Disputed.<br><br>As confirmed by Judge Birotte, the *Athena* Actions all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As |

| | |
|---|---|
| No. 10, MTD RJN Ex. A page 34-35, Ex. B page 39, Ex. C pages 38-39. | further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Athena* Actions all allege claims of bodily injury, including but not limited to claims that the Athena products caused (1) swollen and red eyes, (2) eye disease, (3) blurry vision, (4) chronic dry eyes, and (5) anxiety, depression and the feeling of isolation, as reflected in each of the underlying complaints and Ms. Slattery's demand letter.<br><br>Indeed, each named class member testified to these bodily injury claims at their respective depositions in the underlying action, as did Ms. Slattery's doctor Dr. Austin Coleman.<br><br>To date, expert disclosures in the *Athena* Actions have not yet occurred nor have the plaintiffs disclosed their damages model. Accordingly, it remains unclear the full scope of damages the underlying plaintiffs seek and their calculation of the same.<br><br>*Evidence*: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, MTD RJN Ex. A ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141, Ex. B ¶¶ 4, 6, 17, 47a-b, 47e, 141, Ex. C ¶¶ 4, 6, 17, 47a-b, 47e, 141; O'Hanlon Decl. Ex. 13; Henry Decl. Exs. 9-12, ¶ 6. |

| | |
|---|---|
| 39. The underlying plaintiffs in the *Athena* Actions seek "economic damages and injunctive relief and specifically disclaim seeking compensation for physical injuries." Dkt. No. 10, MTD RJN Ex. A pages 34-35, Ex. B page 39, Ex. C pages 38-39. | 39. Disputed and immaterial.<br><br>As confirmed by Judge Birotte, the *Athena* Actions all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Athena* Actions all allege claims of bodily injury, including but not limited to claims that the Athena products caused (1) swollen and red eyes, (2) eye disease, (3) blurry vision, (4) chronic dry eyes, and (5) anxiety, depression and the feeling of isolation, as reflected in each of the underlying complaints and Ms. Slattery's demand letter.<br><br>Indeed, each named class member testified to these bodily injury claims at their respective depositions in the underlying action, as did Ms. Slattery's doctor Dr. Austin Coleman.<br><br>To date, expert disclosures in the *Athena* Actions have not yet occurred nor have the plaintiffs disclosed their damages model. Accordingly, it remains unclear the full scope of damages the underlying plaintiffs seek and their calculation of the same. |

| | |
|---|---|
| | *Evidence*: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, MTD RJN Ex. A ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141, Ex. B ¶¶ 4, 6, 17, 47a-b, 47e, 141, Ex. C ¶¶ 4, 6, 17, 47a-b, 47e, 141; O'Hanlon Decl. Ex. 13; Henry Decl. Ex. 9-12, ¶ 6. |
| 40. The underlying plaintiffs in the *Athena* Actions allege, among other things, that Athena violated consumer protection statutes and that each of the *Athena* Actions "arises from the false, misleading, unfair, and deceptive sale of beauty products." Dkt. No. 10, MTD RJN Ex. A ¶ 1, Ex. B. ¶ 1, Ex. C ¶ 1. | 40. Undisputed but immaterial. |
| 41. The underlying plaintiffs in the *Athena* Actions do not seek damages *because of* any "bodily injury" they allegedly suffered, but rather, they seek damages and injunctive relief *because of* their economic loss. Dkt. No. 10, MTD RJN Ex. A pages 34-35, Ex. B page 39, Ex. C pages 38-39. | 41. <u>Disputed</u>.<br><br>As confirmed by Judge Birotte, the *Athena* Actions all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Athena* Actions all allege claims of bodily injury, including but not limited to claims that the Athena products caused (1) swollen and red eyes, (2) eye disease, (3) blurry vision, (4) chronic dry eyes, and (5) anxiety, depression and the feeling of isolation, as reflected in each of the underlying complaints and Ms. Slattery's demand letter. |

| | |
|---|---|
| | Indeed, each named class member testified to these bodily injury claims at their respective depositions in the underlying action, as did Ms. Slattery's doctor Dr. Austin Coleman.<br><br>To date, expert disclosures in the *Athena* Actions have not yet occurred nor have the plaintiffs disclosed their damages model. Accordingly, it remains unclear the full scope of damages the underlying plaintiffs seek and their calculation of the same.<br><br><u>*Evidence*</u>: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, MTD RJN Ex. A ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141, Ex. B ¶¶ 4, 6, 17, 47a-b, 47e, 141, Ex. C ¶¶ 4, 6, 17, 47a-b, 47e, 141; O'Hanlon Decl. Ex. 13; Henry Decl. Ex. 9-12, ¶ 6. |
| 42. The damages sought by the underlying plaintiffs are "the amounts paid for the Serums or, alternatively, the difference in the amounts paid for the Serums and the amounts that would have been paid" if Athena had fully disclosed all health risks and side effects. Dkt. No. 10, MTD RJN Ex. A ¶¶ 16, 75, 82, 92, 114, 128, Ex. B ¶¶ 16, 75, 82, 95, 114, 128, Ex. C ¶¶ 16, 75, 82, 95, 114, 128. | 42. <u>Disputed</u>.<br><br>As confirmed by Judge Birotte, the *Athena* Actions all "allege the type of damages covered by the Policy (i.e., bodily injury)" and therefore trigger Great American's duty to defend. As further confirmed by Judge Birotte, "an insurer has a very broad duty to defend its insured under California law" and "the insurer's duty is not measured by the technical legal cause of action pleaded, but rather by the potential for liability as revealed by the facts alleged in the complaint."<br><br>The *Athena* Actions all allege claims of bodily injury, including but not limited to claims that the Athena products caused |

| | |
|---|---|
| | (1) swollen and red eyes, (2) eye disease, (3) blurry vision, (4) chronic dry eyes, and (5) anxiety, depression and the feeling of isolation, as reflected in each of the underlying complaints and Ms. Slattery's demand letter.<br><br>Indeed, each named class member testified to these bodily injury claims at their respective depositions in the underlying action, as did Ms. Slattery's doctor Dr. Austin Coleman.<br><br>To date, expert disclosures in the *Athena* Actions have not yet occurred nor have the plaintiffs disclosed their damages model. Accordingly, it remains unclear the full scope of damages the underlying plaintiffs seek and their calculation of the same.<br><br>*Evidence*: *See* Dkt. No. 31, Order Denying Defendant's Motion to Dismiss; Dkt. No. 10, MTD RJN Ex. A ¶¶ 4, 6, 17, 47a-b, 47e, 140, 141, Ex. B ¶¶ 4, 6, 17, 47a-b, 47e, 141, Ex. C ¶¶ 4, 6, 17, 47a-b, 47e, 141; O'Hanlon Decl. Ex. 13; Henry Decl. Ex. 9-12, ¶ 6. |
| 43. In determining that the application of the Unfair Competition Exclusion was a "close call," Judge Birotte considered that the Unfair Competition Exclusion "could reasonably be construed to be directed towards business competitors and to not cover the allegations of deceptive advertising." Dkt. No. 31, Order, page 9. | 43. Undisputed. |

## II. Plaintiff's Additional Material Facts Which Preclude Summary

**Judgment**

| **Opposing Party's Additional Material Facts and Supporting Evidence:** | **Moving Party's Response to Opposing Party's Additional Material Facts and Supporting Evidence:** |
|---|---|
| 44. Doriann Slattery described her injuries in a June 15, 2023 letter to Great American, wherein she alleged a variety of physical and mental injuries, including (i) swollen and red eyes, (ii) chalazion on the left upper eye, (iii) blurry vision, (iv) blepharitis in both eyes, (v) chronic dry eyes, and (vi) "[t]he sudden onset of eye problems caused her anxiety, depression, and feeling of isolation."<br><br>*Evidence*: O'Hanlon Decl. ¶ 2, Ex. 13. | |
| 45. Ms. Slattery further described her mental injuries as follows:<br>"[The onset of eye problems is] causing me to not have desire for or ability to participate in normal daily activities including cleaning my home. It is always there and a distraction, even carrying on a conversation with the discomfort there."<br>She further explained that she can no longer wear makeup "due to her eyes constantly watering" which in turn "makes her feel very self-conscious" and "she has missed many social activities," which further contributes to her "anxiety, depression, and feeling of isolation." | |

| | |
|---|---|
| *Evidence*: O'Hanlon Decl. ¶ 2, Ex. 13. | |
| 46. The Athena plaintiffs have not disavowed recovery for their mental injuries.<br><br>*Evidence*: Dkt. No. 10, MTD RJN Ex. A-B; Henry Decl. ¶ 6. | |
| 47. On April 23, 2025, Ms. Slattery testified that she continues to suffer from bodily injuries caused by her use of Athena's product. She stated that her eyes still burn, feel uncomfortable, and remain persistently dry. She explained that she must use prescription eye drops daily as a result.<br><br>Ms. Slattery further testified that Revitalash caused her eyes to become severely swollen, red, and irritated, ultimately leading to blepharitis. She also reported that the product impaired her vision and prevented her from engaging in activities she once enjoyed, such as reading and doing puzzles.<br><br>*Evidence*: Henry Decl., Ex. 11 [Slattery Depo, 36:14-22; 37:1-19; 84:15-85:4; 141:7-9; 151:7-152:7]. | |
| 48. On August 6, 2025, Ms. Slattery's treating physican, Dr. Austin Coleman, D.O., testified regarding the bodily injuries Ms. Slattery sustained as a result of using Athena's product. He explained that he diagnosed Ms. Slattery with a chalazion in her left | |

| | |
|---|---|
| upper eyelid in January 2023 and opined that it was caused by the Athena serum she had used. Dr. Coleman further testified that the Athena serum caused inflammation that blocked Ms. Slattery's oil glands and led to the development of blepharitis.<br><br>*Evidence*: Henry Decl., Ex. 12 [Coleman Depo 68:21-70:2; 72:15-73:4; 74:25-75:3]. | |
| 49. On April 22, 2025, Rebecca Rush testified that she suffered eye irritation from using an Athena serum. She explained that her eyes started to flare up as soon as she began using the serum and became inflamed, irritated, itchy, painful and red. She further testified that the serum caused permanent harm to her eyes.<br><br>*Evidence*: Henry Decl., Ex. 10 [Rush Depo 34:23-36:22; 37:1-10; 67:8-24; 74:17-22; 77:3-8; 95:15-21]. | |
| 50. On April 17, 2025, Corrine Markoff testified that she suffered bodily injury as a result of using Athena's product. She explained that the serum caused her eyes to burn and become irritated, itchy, painful and red.<br><br>*Evidence*: Henry Decl., Ex. 9 [Markoff Depo, 56:5-11, 57:4-15, 75:4-21, 113:3-114:1; 115:11-21]. | |
| 51. The term "unfair competition" is not defined in the Policy. | |

| | |
|---|---|
| *Evidence*: *See* Staffo Decl. ¶ 4, Ex. 1. | |
| 52. In its Motion to Dismiss, Great American advanced the same arguments it presses now—namely that it owed no duty to defend because (1) the *Athena* Actions did not allege damages because of "bodily injury" and (2) even if they did, coverage was barred by the Policy's Unfair Competition Exclusion.<br><br>*Evidence*: Dkt. No. 8 [Motion to Dismiss]. | |
| 53. On December 3, 2024, Judge Birotte rejected Great American's arguments, denying Great American's Motion to Dismiss in its entirety.<br><br>*Evidence*: Dkt. No. 31 | |
| 54. Judge Birotte held that the *Athena* Actions "allege the type of damages covered by the Policy (i.e. bodily injury).<br><br>*Evidence*: Dkt. No. 31 | |
| 55. Judge Birotte further declined to apply the Policy's Unfair Competition Exclusion, finding it ambiguous and therefore unenforceable against Athena.<br><br>*Evidence*: Dkt. No. 31 | |
| 56. Prior to the belated filing of this MSJ, Great American did not seek reconsideration of Judge Birotte's | |

| | |
|---|---|
| order denying the motion to dismiss.<br><br>*Evidence*: O'Hanlon Decl. ¶ 3. | |
| 57. The *Athena* Actions remain pending, and neither expert discovery nor the claimants' damages model have been produced.<br><br>*Evidence*: Henry Decl. ¶ 6. | |

**BARNES & THORNBURG LLP**

Dated: October 29, 2025

By: /s/ David P. Schack

David P. Schack
david.schack@btlaw.com
Matthew B. O'Hanlon
matthew.ohanlon@btlaw.com
Alice Kyureghian
akyureghian@btlaw.com
Brian T. Nguyen
brian.nguyen@btlaw.com
Attorneys for Plaintiff Athena Cosmetics Inc.